**SO ORDERED.**

**SIGNED this 13th day of July, 2017.**



Dale L. Somers
United States Bankruptcy Judge

___

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>JOHN EDWARD COONEY, JR.,<br><br>　　　　　DEBTOR. | CASE NO. 17-20071<br>CHAPTER 13 |
| CARRIE PEEL,<br><br>　　　　　PLAINTIFF,<br><br>v.<br><br>JOHN EDWARD COONEY, JR.,<br><br>　　　　　DEFENDANT. | ADV. NO. 17-6037 |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Carrie Peel (Peel) objects to the discharge of her claims against Debtor John Cooney (Debtor) that arose from the sale by Debtor and his dealership of a 2005 Ford Taurus to Peel without providing the certificate of title. In her seven-count Complaint, Peel pleads common law and statutory claims against Debtor and alleges Debtor's liability should be excepted from discharge under 11 U.S.C. § 1328(a) and provisionally[1] under 11 U.S.C. § 523(a).[2] Debtor moves to dismiss. Peel appears by Bernard E. Brown, and Debtor appears by Stephen G. Bolton. The Court has jurisdiction.[3] For the following reasons, the Court grants the motion to dismiss the claims for exception from discharge under § 1328(a)(2), and denies the motion to dismiss the claims for exception from discharge under § 1328(a)(4).

**FACTUAL BACKGROUND.**[4]

In July 2008, Peel purchased a 2005 Ford Taurus from Debtor and his

---

[1] Peel states the Complaint was filed with the provisional language about § 523(a) claims because "Debtor's counsel had represented to Plaintiff's counsel that he expected to file a motion to convert the bankruptcy to chapter 7." Doc. 7 at 4. The Court therefore shall not consider the motion to dismiss to be directed at the § 523(a) claims.

[2] Future references to Title 11 in the text shall be to the section number only.

[3] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016). Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

[4] The background facts are based on the Court's review of the pleadings. They are presented to provide a framework for ruling on the motion to dismiss. They are not intended as findings of fact controlling for any purpose other than this memorandum opinion.

Independence, Missouri dealership, Car Time, LLC, but a certificate of title was not provided. The dealership went out of business, and Debtor disappeared. Peel could not register the car or sell it. Credit Acceptance Corporation (CAC), to whom the installment loan was sold, demanded payment and threatened suit. For two years, Peel made payments to CAC and drove the unlicensed vehicle. She was ticketed, a warrant was issued for her arrest, and the state demanded that she pay sales taxes. She then learned from a Legal Aid attorney that the sale was fraudulent and void. Peel filed suit against CAC and Car Time in Missouri state court. CAC counterclaimed. Debtor, whose whereabouts were then unknown, was not named as a party.

Three years after the sale, Debtor became involved in the CAC litigation. He signed an affidavit stating he had personally provided the vehicle's title to Peel at the time of the sale and verified a forged copy of the title with Peel's supposed signature. Peel's counsel located the original title with the bank that had provided floor-plan financing to Cooney and Car Time. On September 22, 2014, in Jackson County Circuit Court, Debtor pleaded guilty to a Class A misdemeanor based on his false affidavit. Peel's litigation against CAC and Car Time proceeded after the falsity of the affidavit was established, and resulted in jury verdicts and judgments in favor of Peel.

In July 2013, Peel filed suit in Jackson County, Missouri Circuit Court against Debtor.[5] After three and a half years of litigation preparation and shortly before the

---

[5] *Peel v. Cooney*, Case no. 1316-CV19599, Circuit Court of Jackson County, Missouri, at Independence. In her proof of claim, Peel states that she intends to file a motion for relief from stay to have the amounts due to her from Debtor determined in the pending litigation. Case no. 17-20071, claim

3

commencement of a jury trial, Debtor filed for bankruptcy under Chapter 13 on January 18, 2017.  The first meeting of creditors was held on February 13, 2017.  Sixty days thereafter was Sunday, April 16, 2017.

On April 17, 2017, but apparently after regular business hours, Peel's counsel unsuccessfully attempted to electronically file the Complaint.  At 11:55 p.m., Peel's counsel emailed a copy of the Complaint to Debtor's counsel with a cover note stating, "I repeatedly tried to file it electronically, and hit a brick wall, so will have to sort that out with the clerk tomorrow."  Peel's counsel spoke on the phone with Debtor's counsel the next morning and understood that there would be no objection to the late filing.  With the assistance of the Clerk's Office, the Complaint was filed on April 18, 2017.  Thereafter, Debtor's counsel stated that although he had no objection the filing of the Complaint, he was not waiving any defenses.  The motion to dismiss was filed on May 3, 2017.

**DISCUSSION.**

**A.  The allegations of the Complaint.**

The Complaint alleges common law claims for Debtor's fraud relating to the sale of the car without a title, fraud related to the affidavit and false title copy, participation in and aid and encouragement to CAC's malicious prosecution, and participation in and aid and encouragement to CAC's abuse of process.  For three of these claims, the same conduct is alleged to have violated the Missouri Merchandising Practices Act.  For all

---

number 4.

seven claims, Peel alleges that the conduct resulted in "a debt for money, property or services obtained by false pretenses, false representations, or actual fraud, so that damages for his conduct are nondischargeable under" § 1328(a)(2) and "supports a damage award to Ms. Peel as a result of . . . willful and malicious acts causing personal injury to Ms. Peel, so that damages for [this] conduct are also nondischargeable under" § 1328(a)(4).[6]

**B. The objections to discharge under § 1328(a)(2) were not timely filed.**

Section 1328(a)(2) excepts from discharge debts "of the kind specified in . . . paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)." Section 523(c) generally provides that the debtor shall be discharged from a debt of a kind specified in § 523(a)(2), (4), or (6) unless, after notice and hearing, the court determines the debt to be excepted from discharge. Federal Rule of Bankruptcy Procedure 4007(c)[7] specifies the time for filing a complaint under § 523(c) in Chapter 7, 11, 12, and 13 cases. It states:

> Except as otherwise provided in subdivision (d) [applicable to complaints under § 523(a)(6) in Chapter 13 cases where the debtor seeks a hardship discharge][8], a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall

---

[6] Doc. 1, ¶¶ 62, 63, 70, 71, 77, 78, 84, 85, 99, 100, 107, 108, 116, and 117.

[7] Hereafter referred to in the text as Rule 4007.

[8] *See* 9 *Collier on Bankruptcy*, ¶ 4007.04 at n. 4 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2017).

5

be filed before the time has expired.

The Tenth Circuit Court of Appeals strictly construes the 60-day time limit within which a creditor may object to the discharge of a debt.[9] This Court has granted a motion to dismiss a complaint as untimely when it was filed four minutes late.[10] As the United Supreme Court has stated when applying the 30-day limit for objecting to exemptions, "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."[11]

Peel's Complaint to except her claims against Debtor from discharge under § 1328(a)(2) was not filed before the expiration of the 60-day period. Debtor filed for Chapter 13 protection on January 18, 2017, and February 15, 2017, was the first date set for the meeting of creditors. The 60-day deadline was April 16, 2017. Because this was a Sunday, the deadline was extended to April 17, 2017.[12] The Complaint was filed on April 18, 2017, one day late.

Peel suggests that the Complaint should nevertheless be held to be timely because the tardiness was a result of her counsel's incorrect use of the electronic filing system, a copy of the Complaint was sent to Debtor's counsel before the deadline expired, and, as a result of a phone conversation with Debtor's counsel the day the Complaint was filed, Peel's counsel understood that his failure to file the Complaint timely would not be raised.

---

[9] *Themy v. Yu (In re Themy)*, 6 F.3d 688, 689 (10th Cir. 1993).

[10] *Yarnevich v. Nondorf (In re Nondorf)*, 2008 WL 544502, *1 (Bankr. D. Kan. Feb. 27, 2008).

[11] *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643 (1992).

[12] Fed. R. Bankr. P. 9006(a)(1)(C).

6

Peel cites no cases in support of her position. The Court finds these circumstances do not provide a basis to find the filing to be timely.

Because the time limits set by Rule 4004 are not jurisdictional,[13] there are circumstances where complaints filed outside the 60-day time limit are not dismissed. For example, where the tardiness was the result of reliance on a bankruptcy court notice specifying an incorrect deadline, an out-of-time filing was allowed.[14] Likewise, a creditor was entitled to relief from compliance with the 60-day rule when the untimely filing was attributable to the court's electronic filing system, not to the filing party.[15] This Court has recognized that the equitable doctrines of tolling, estoppel, and waiver are available when a dischargeability complaint is filed outside the 60-day window.[16]

But the facts of this case do not establish any of these defenses. The late filing was the result of attorney error when using the electronic filing system, not the result of a court error or a problem with the electronic filing system. Equitable tolling is "[t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period has expired."[17] Here, Peel

---

[13] *See Kontrick v. Ryan*, 540 U.S. 443, 456-60 (2004).

[14] *In re Themy*, 6 F.3d at 689-90.

[15] *Tiffany & O'Shea, LLC, v. Schrag (In re Shrag)*, 464 B.R. 909, 915-18 (D. Or. 2011).

[16] *Sunflower Bank, N.A., v. Otte (In re Otte)*, 2004 WL 2187175, *2 (Bankr. D. Kan. 2004).

[17] BLACK'S LAW DICTIONARY 560 (7th ed. 1999); *see also* BLACK'S LAW DICTIONARY, "equitable tolling" (10th ed. 2014) (same initial definition as in 7th ed. but several alternates given as well), *available on* Westlaw.

knew of the facts of her claim for many years before Debtor filed his bankruptcy case.

Further, the circumstances of this case do not evidence waiver or estoppel. Waiver is the "voluntary relinquishment or abandonment — express or implied — of a legal right or advantage."[18] In *Benedict*, the Second Circuit affirmed a finding of a waiver of the right to object to an untimely objection to discharge where in conjunction with a reaffirmation agreement, the debtor expressly agreed, in a signed document, that if the reaffirmation agreement were rescinded, the creditor would have the opportunity to file a complaint to determine dischargeability.[19] Here, there is no similar evidence of waiver. Although Debtor's counsel said during a phone conference with Peel's counsel on the morning of April 18 that he did not object to the filing of the Complaint one day late, later in the day he sent an e-mail clarifying his position stating, "I need to be clear that while I cannot stop you from filing any adversary complaint I do not waive any defenses."[20] This action does not constitute a waiver. Equitable estoppel is "[a] defensive doctrine preventing one party from taking advantage of another when, through false language or conduct, the person to be estopped has induced another person to act in a certain way, with the result that the other person has been injured in some way."[21] The grounds for equitable estoppel clearly

---

[18] Black's Law Dictionary 1574 (7th ed.); see also BLACK'S LAW DICTIONARY, "waiver" (10th ed.) (same initial definition as in 7th ed.), *available on* Westlaw.

[19] *European Amer. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 54-55 (2nd Cir. 1996).

[20] Doc. 8-4.

[21] BLACK'S LAW DICTIONARY 571 "equitable estoppel" (7th ed.); *see also* BLACK'S LAW DICTIONARY, "equitable estoppel" (10th ed. 2014), *available on* Westlaw.

8

are not present.

The Court therefore grants the motion to dismiss the Complaint to the extent it objects under § 1328(a)(2) to the discharge of Peel's claims. That subsection incorporates subsections of § 523(a) that must be asserted before expiration of the 60-day limit established by Rule 4007(c).

**C. The claims objecting to discharge under § 1328(a)(4) were timely filed.**

Section 1328(a)(4) excepts from discharge claims "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." Debtor moves to dismiss the § 1328(a)(4) claim because it was filed after the expiration of the 60-day deadline of Rule 4007(c). Peel responds that there is no deadline applicable to this exception to discharge.

The Court agrees with Peel. Debtor cites no authority for his position. The § 1328(a)(4) exception is not mentioned in § 523(c), so the 60-day limit of Rule 4007(c) applicable to complaints under § 523(c) has no bearing. Although the issue has received little attention, the absence of a deadline has been commented on by Judges Lundin and Brown in their Chapter 13 treatise,[22] and Peel has directed the Court to two unpublished opinions which, in dicta, acknowledge the absence of a time limit for § 1328(a)(4)

---

[22] Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy*, § 554.1 at ¶ 7 (4th ed., section rev. April 13, 2006), http://www.ch13online.com ("There is no Bankruptcy Rule that sets a deadline for the determination of dischargeability under new § 1328(a)(4).").

9

complaints.[23]  The Court finds that the objections to discharge under § 1328(a)(4) shall not be dismissed as untimely filed.

**D.  Debtor's contention that the allegations of the Complaint fail to fall within the § 1328(a)(4) exception to discharge is denied on procedural grounds.**

Debtor's motion to dismiss is premised entirely on the Complaint having been filed past the deadline established under Rule 4007(c).  When responding to Peel's memorandum in opposition to the motion, Debtor for the first time contends that Peel's claims "do not fall under the limited exceptions for personal injury as required for [exceptions to discharge under] 1328(a)(4)."[24]  "[I]t is well established that new arguments cannot be raised for the first time in reply briefs."[25]  Accordingly, the Court declines to consider whether Peel's allegations fall within the scope of § 1328(a)(4).[26]

**CONCLUSION.**

For the foregoing reasons, the Court grants the motion to dismiss with respect to the allegations that Debtor's conduct resulted in "a debt for money, property or services obtained by false pretenses, false representations, or actual fraud so that damages for his

---

[23] *In re Brown*, 2008 WL 8652592, *2 (Bankr. D. Alaska, Nov. 17, 2008) ("no deadline has been set for a creditor to litigate the dischargeability of any unpaid portion of [§ 1328(a)(4)] debts."); *Catmull v. Vierra (In re Vierra)*, 2008 WL 695027, at *4 (Bankr. D. Idaho, March 12, 2008) ("a complaint under § 1328(a)(4) is not governed by Interim Fed. R. Bankr. P. 4007(c) or (d), and may be filed at any time." ).

[24] Doc. 10 at 2.

[25] *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 779 (D.N.J. 2013).

[26] *See Bryant Manor, LLC, v. Bank of America, N.A. (In re Bryant Manor, LLC)*, 434 B.R. 629, 637 (Bankr. D. Kan. 2010) (refusing to consider arguments in support of motion to dismiss that were not raised in party's initial brief).

conduct are nondischargeable under" § 1328(a)(2). The Court denies the motion to dismiss with respect to the allegations that Debtor's conduct "supports a damage award to Ms. Peel as a result of . . . willful and malicious acts causing personal injury to Ms. Peel, so that damages for [this] conduct are . . . nondischargeable under" § 1328(a)(4).

**IT IS SO ORDERED.**

# # #