SO ORDERED.

SIGNED this 14th day of September, 2017.



Dale L. Somers
United States Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>JOHN EDWARD COONEY, JR.,<br><br>          DEBTOR. | CASE NO. 17-20071<br>CHAPTER 13 |
| CARRIE PEEL,<br><br>          PLAINTIFF,<br><br>v.<br><br>JOHN EDWARD COONEY, JR.,<br><br>          DEFENDANT. | ADV. NO. 17-06037 |

MEMORANDUM OPINION DENYING DEFENDANT'S
SECOND MOTION TO DISMISS

Plaintiff Carrie Peel (Peel) objects to discharge of her claims against Debtor John Cooney (Debtor) that arose from the sale by Debtor through his dealership of a 2005 Ford Taurus to Peel without providing the certificate of title. In her seven count adversary Complaint, Plaintiff pleads common law and statutory claims against Debtor and alleges Debtor's liability should be excepted from discharge under 11 U.S.C. § 1328(a) and provisionally[1] under 11 U.S.C. §523(a).[2] Debtor moved to dismiss. The Court granted the motion, with the exception of the claims under 11 U.S.C. § 1328(a)(4).[3] Debtor promptly filed a second motion to dismiss the Complaint with respect to the 11 U.S.C.§ 1328(a)(4) objection to discharge. Peel appears by Bernard E. Brown, and Debtor appears by Stephen G. Bolton. The Court has jurisdiction.[4] For the following reason, the Court denies the motion to dismiss the claims for exception from discharge under §1328(a)(4).

---

[1] Plaintiff states the Complaint was filed with the provisional language as to § 523(a) claims because "Debtor's counsel had represented to Plaintiff's counsel that he expected to file a motion to convert the bankruptcy to chapter 7." Doc. 7, 4. The Court therefore shall not consider the motion to dismiss to be directed at the § 523(a) claims.

[2] Future references to Title 11 in the text shall be to the section number only.

[3] Doc. 13.

[4] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016). Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

## FACTUAL BACKGROUND.[5]

The factual background as stated in the Court's previous ruling[6] is adopted here in part. That background is as follows.

In July of 2008, Peel purchased a 2005 Ford Taurus from Debtor and his Independence, Missouri dealership, Car Time, LLC, but a certificate of title was not provided. The dealership went out of business, and Debtor disappeared. Peel could not register the car or sell it. Credit Acceptance Corporation (CAC), to whom the installment loan was sold, demanded payment and threatened suit. For two years, Peel made payments to CAC and drove the unlicensed vehicle. She was ticketed, a warrant was issued for her arrest, and the state demanded payment of sales taxes. She then learned from a Legal Aid attorney that the sale was fraudulent and void. Peel filed suit against CAC and Car Time in Missouri state court. CAC counterclaimed. Debtor, whose whereabouts were then unknown, was not named as a party.

Three years after the sale, Debtor became involved in the CAC litigation. He signed an affidavit stating he had personally provided the vehicle title to Peel at the time of the sale and verified a forged copy of the title with Peel's supposed signature. Peel's counsel located the original title with the bank that had provided floor- plan financing to Cooney/Car Time. Debtor pleaded guilty on September 22, 2014, in Jackson County Circuit Court

---

[5] The background facts are based upon the Court's review of the pleadings. They are presented to provide a framework for ruling on the motion to dismiss. They are not intended as findings of facts controlling for any purpose other than this memorandum opinion.

[6] Doc. 13, 2-4.

3

to a Class A misdemeanor based upon his false affidavit.  Peel's litigation against CAC and Car Time proceeded after the falsity of the affidavit was established and resulted in jury verdicts and judgments in favor of Peel.

In July of 2013, Peel filed suit in Jackson County, Missouri Circuit Court against Debtor.[7] After 3 1/2 years of litigation preparation and shortly before commencement of a jury trial, Debtor filed for Bankruptcy under Chapter 13 on January 18, 2017.

**DISCUSSION.**

**A. The allegations of the Complaint.**

The description of the Complaint from the Court's prior ruling is also adopted.  It is as follows.[8]

The Complaint alleges common law claims for Debtor's fraud relating to sale of the car without a title, fraud related to the affidavit and false title copy, participation in and aid and encouragement to CAC's malicious prosecution, and participation in and aid and encouragement to CAC's abuse of process.  For three of these claims, the same conduct is alleged to have violated the Missouri Merchandising Practices Act (MMPA).[9]  For all seven claims, Peel alleges that the conduct . . . "supports a damage award to Ms. Peel as a

---

[7] *Peel v. Cooney*, case no. 1316-CV19599, Circuit Court of Jackson County, Missouri at Independence. Peel has filed states a motion for relief from stay to have the amounts due to her from Debtor determined in the pending litigation. Case no. 17-20071, POC 4.

[8] Doc. 13, 4-5.

[9] Mo. Ann. Stat. § 407.010, et seq. (2017).

result of . . . willful and malicious acts causing personal injury to Ms. Peel, so that damages for [this] conduct are also nondischargeble under" § 1328(a)(4).[10]

**B. The Second Motion to Dismiss.**

In his second motion to dismiss, Debtor contends that Peel's objections to discharge under § 1328(a)(4) must be dismissed because the damages she suffered are not alleged to have arisen from a personal injury or death, as required for exception to discharge. "In this case the damages are due to the business dealings between the parties relating to obtaining a car title, and do not fall under the limited exceptions for personal injury as required for 1328(a)(4)."[11] Peel responds by pointing out that Debtor seeks dismissal of the entire complaint and fails to make arguments specific to any of the individual counts. She also argues that damages for malicious prosecution, abuse of process, and violation of the MMPA may include compensation for personal injury, together with punitive damages and attorney fees awarded under such claims, all of which can be nondischargeable.

**C. The Applicable Standard for Dismissal.**

Federal Rule of Civil Procedure 12(b)(6) applies in adversary proceedings.[12] In the Tenth Circuit,

> To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state

---

[10] Doc. 1, ¶¶ 63, 71, 78, 85, 100, 108, and 117.

[11] Doc. 17, 3.

[12] Fed. R. Bankr. P. 7012(b).

5

a claim to relief that is plausible on its face. Disregarding conclusory statements, the remaining factual allegations must plausibly suggest the defendant is liable. A claim for relief is plausible when the plaintiff pleads facts adequate to draw a reasonable inference that the defendant is liable for the alleged misconduct. Such facts must raise a right to relief above the speculative level.[13]

**D. Objections to discharge under 1328(a)(4).**

Section 1328(a)(4) excepts from discharge claims "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." "Willful" requires a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.[14] The term "malicious" requires proof that the "debtor either intend the resulting injury or intentionally took action that is substantially certain to cause injury."[15] The Tenth Circuit has not defined "personal injury" for purposes of § 1328(a)(4). Debtor provided the Court with a discussion of the *Adams*,[16] a frequently followed case that adopts a middle approach to the definition of "personal injury." Under that definition, both physical and nonphysical injuries, such as defamation and emotional

---

[13] *McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014) (internal quotations and citations omitted).

[14] *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

[15] *Panalis v. Moore*, 357 F.3d 1125, 1129 (10th Cir. 2004) (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

[16] *Adams v. Adams (In re Adams),* 478 B.R. 476 (Bankr. M.D. Ga. 2012).

6

distress, are included in personal injury, but injury to property is excluded.[17]  Peel does not object to the Debtor's analysis,[18] so the Court will apply that definition when ruling on this motion.  Further, "[a] non-dischargeable debt includes the full amount of the liability associated with the conduct in issue," including attorney's fees awards.[19]

**E. Plaintiff's Complaint states claims that are plausible on their face.**

The Court finds that the general factual allegations of the Compliant are sufficient for the Court to draw the reasonable inference that Debtor acted either willfully or maliciously causing personal injury to Plaintiff.  For example, she alleges that Debtor "fraudulently [and] deliberately"[20] sold cars without titles; that even though Debtor did not provide her the car title, as Debtor "knew would happen," the finance company demanded payment; that she lived in constant fear of arrest for almost two years; and that Debtor signed a perjured affidavit and verified a forged copy of the certificate of title, which were "knowing, willful, wanton, and malicious."[21]  Peel alleges, as a direct result of Debtor's conduct, she suffered damages in the losses of her down payment and note payments, various expenses, and "emotional distress, frustration, embarrassment, and

---

[17] *Id*. at 486-87.

[18] Doc. 22, 4.

[19] *Seubert v. Deluty (In re Deluty)*, 540 B.R. 41, 47-48 (Bankr. E.D. N.Y 2015) (*citing Cohen v. de la Cruz*, 523 U.S. 213, 220-21 (1998)).

[20] Doc. 1, 1.

[21] *Id*. at ¶ 57.

7

inconvenience."[22] Each count of the Complaint includes the allegation that "Mr. Cooney's conduct supports a damage award to Ms. Peel as a result of his willful and malicious acts causing personal injury to Ms. Peel, so that damages for his conduct are also nondischargeable under 11 U.S.C. §1328(a)(4)."[23] The factual allegations of the Complaint sufficiently allege personal injury to Peel as a result of Debtor's willful or malicious acts, requiring denial of the motion to dismiss on the grounds urged by Debtor.

After defining personal injury for purposes of § 1328(a)(4), the *Adams* decision, relied upon by Debtor, examined each claim alleged to determine if the damages recoverable would support an award of nondischargeable damages for personal injury.[24] In this case, the Debtor's motion to dismiss fails to contend that the damages which may be recovered under any of Peel's specific claims, such as fraud or malicious prosecution, cannot include personal injury compensation. However, because the Court believes it will be helpful to the parties, the Court briefly and superficially examines whether the allegations of each count could support the award of personal injury damages within the meaning of § 1328(a)(4).

There is no doubt that Peel may recover damages for personal injury under her common law claims. Under Missouri law, as to fraud, in the absence of physical injury, emotional distress is compensable if the fraudulent conduct was willful or malicious and

---

[22] *Id.* at ¶ 30.

[23] *E.g.*, doc.1, ¶ 63.

[24] *In re Adams*, 478 B.R. at 488-491.

8

Case 17-06037    Doc# 32    Filed 09/14/17    Page 8 of 10

the injury was medically diagnosable and significant.[25] In Missouri, compensation may be recovered for every injury caused by a malicious prosecution, including "injuries to feelings and reputation."[26] Likewise, emotional distress may be an element of damages in an abuse of process claim.[27]

Generally, the MMPA provides a remedy for "any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful" by a section of the MMPA.[28] Although there is a question whether a damage award may compensate for emotional harm,[29] the Court will not dismiss Peel's MMPA claims at this stage of this litigation. If Peel prevails in her civil action against Debtor on one or more of her MMPA claims, there will be a complete record from which this Court can determine whether the damages awarded are within the § 1328(a)(4) exception to discharge.

---

[25] *Fetick v. American Cyanamid Co.*, 38 S.W.3d 415, 419 ( Mo. 2001).

[26] *Ruth v. St. Louis Transit Co.*, 71 S.W. 1055, 1059 (Mo. App. 1903).

[27] *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 322 (Mo. App. 2010).

[28] Mo. Ann. Stat. § 407.025 (2017).

[29] Peel has not provided and the Court's own research has not revealed any cases awarding compensatory damages for emotional harm for violation of the MMPA. Peel cites a MMPA case where emotional harm was considered in the award of punitive damages.

**CONCLUSION.**

For the foregoing reasons, the Court denies Debtor's second motion to dismiss. Plaintiff's Complaint contains enough allegations of fact, taken as true, to state claims for exceptions to discharge under § 1328(a)(4) that are plausible on their face.

**IT IS SO ORDERED.**

###